IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-71,573-01 and WR-71,573-02






EX PARTE DONNIE LEE ROBERTS, JR.








ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. 17,493 IN THE 411TH JUDICIAL DISTRICT COURT


POLK COUNTY




 Per curiam.


O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 Applicant was convicted in October 2004 of capital murder committed on October 15,
2003. Tex. Penal Code Ann. § 19.03(a)(2). Based on the jury's answers to the special
issues set forth in the Texas Code of Criminal Procedure, Article 37.071, sections 2(b) and
2(e), the trial court sentenced him to death. Art. 37.071, § 2(g). (1) This Court affirmed
applicant's conviction and sentence on direct appeal. Roberts v. State, 220 S.W.3d 521 (Tex.
Crim. App. 2007).

 Applicant presented eight allegations in his application in which he challenges the
validity of his conviction and sentence. The trial court did not hold a live evidentiary
hearing. As to all of these allegations, the trial judge entered findings of fact and conclusions
of law and recommended that relief be denied.

 This Court has reviewed the record with respect to the allegations made by applicant. 
We agree with the trial judge's recommendation and adopt the trial judge's findings and
conclusions, with the following exceptions: findings paragraphs 7, 10, 111, and 116; and
conclusions paragraphs 121, 135, 140, 161, 163, 164, and 181 through 183. Based upon the
trial court's findings and conclusions and our own review of the record, relief is denied.

 This Court has also reviewed a pro se document entitled "Notice of Desire to Raise
Additional Habeas Corpus Claims." Because this document was filed in the trial court after
the deadline provided for the filing of an initial application for habeas corpus, we find it to
be a subsequent application. See Art. 11.071. We further find that this subsequent
application fails to meet any of the exceptions provided for in Article 11.071, § 5. Therefore,
Applicant's subsequent application is dismissed as an abuse of the writ. 

 IT IS SO ORDERED THIS THE 13TH DAY OF MAY, 2009.

Do Not Publish
1. Unless otherwise indicated, all references to Articles are to the Texas Code of Criminal
Procedure.